**AMERICAN POSTAL WORKERS UNION, AFL–CIO, Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Appellee.**

No. 04–5032.

United States Court of Appeals, District of Columbia Circuit.

Feb. 24, 2005.

Anton George Hajjar, Brenda Catherine Zwack, O'Donnell, Schwartz & Anderson, Washington, DC, for Plaintiff–Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, Charlotte Anne Abel, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before ROGERS, TATEL, and GARLAND, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered on the record and on the briefs of counsel. *See* D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(b). It is

**ORDERED** and **ADJUDGED** that appellant's motion to dismiss the appeal as moot and to vacate the district court's judgment is granted in part and denied in part.

The appellant's motion to dismiss the appeal is granted in light of the parties' joint representation that the case has been settled.

The appellant's motion to vacate the district court's judgment is denied. The Supreme Court has held that "mootness by reason of settlement does not justify vacatur of a judgment under review." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). Although *Bancorp* contemplated that "exceptional circumstances may conceivably counsel in favor of such a course," *id.*, the fact that the settlement here arose out of the parties' participation in court-ordered mediation does not constitute exceptional circumstances.

The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* D.C.Cir. R. 41(a)(1).